# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | Master Docket No.: 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., *Plaintiffs,* -vs- TYCO FIRE PRODUCTS LP, individually and as successor in interest to The Ansul Company, and CHEMGUARD, INC., *Defendants.* | Civil Action No.: 2:24-cv-02321-RMG |
| CITY OF CAMDEN, et al., *Plaintiffs,* -vs- BASF CORPORATION, individually and as successor in interest to Ciba Inc., *Defendant.* | Civil Action No.: 2:24-cv-03174-RMG |

**JOINT MOTION TO AMEND THE PRELIMINARILY APPROVED SETTLEMENTS FOR WATER SYSTEMS AND THE PRELIMINARY APPROVAL ORDERS**

Plaintiffs, City of Camden, California Water Service Company, City of Benwood, City of Brockton, City of Del Ray Beach, City of Freeport, City of Sioux Falls, City of South Shore, Coraopolis Water & Sewer Authority, Dalton Farms Water System, Martinsburg Municipal Authority, Township of Verona, and Village of Bridgeport (collectively, "Plaintiffs"), by and through Class

1

Counsel, and with the consent of Defendants Tyco Fire Products LP ("Tyco") and BASF Corporation ("BASF"), move to amend the Settlement Agreement Between Public Water Systems and Tyco ("Tyco Settlement Agreement"), the Settlement Agreement Between Public Water Systems and BASF (the "BASF Settlement Agreement," and collectively with the Tyco Settlement Agreement, the "Settlement Agreements for Water Systems"), the June 13, 2024 Amended Order granting preliminary approval of the Tyco Settlement Agreement, and the July 3, 2024 Order granting preliminary approval of the BASF Settlement Agreement (collectively the "Preliminary Approval Orders"). The grounds for this motion are as follows:

1. On April 26, 2024, Plaintiffs filed a Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (ECF No. 4911) and the Tyco Settlement Agreement (Ex. 3 to same, ECF No. 4911).

2. On June 3, 2024, Plaintiffs filed a Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (ECF No. 5053) and the BASF Settlement Agreement (Ex. 3 to same, ECF No. 5053).

3. On June 13, 2024, the Court granted preliminary approval of the Tyco Settlement Agreement, as revised. (ECF No. 5147).

4. On July 3, 2024, the Court granted preliminary approval of the BASF Settlement Agreement, as revised. (ECF No. 5253).

5. The Settlement Agreements for Water Systems specifies, among other things, a process for requesting exclusion from the Settlement, as well as a deadline for withdrawing any such request (ECF No. 4911-3, §§ 9.6–9.7; ECF No. 5053-3, §§ 9.6–9.7).

6. The Parties now move to both clarify the procedure by which an Eligible Claimant that has

elected to opt out may withdraw its Request for Exclusion and to extend the deadline to do so until December 13, 2024.

7. The Parties have reached an agreement to supplement the Settlement Agreement with the Parties' Joint Interpretive Guidance on How to Withdraw an Opt-Out Election After it was Submitted (the "Joint Interpretive Guidance") attached hereto, for the purpose of offering clarity and confirmation on this issue.

8. Attached hereto is the Joint Interpretive Guidance intended to clarify the preliminarily approved Settlement Agreements for Water Systems and extend the deadline by which an Eligible Claimant that has elected to opt out of either of both of the Settlement Agreements for Water Systems may withdraw its Request for Exclusion.

9. In connection with Parties' request to extend the deadline by which an Eligible Claimant that has elected to opt out may withdraw its Request for Exclusion, the Parties also ask that Section VII of both Preliminary Approval Orders be amended to clarify the date as of which the stay and injunction issued by that Order shall no longer apply to Eligible Claimants that have opted out of the Settlement. The Parties provide the requested amended language in the Proposed Order accompanying this motion.

10. Accordingly, the Parties respectfully request that this Court grant this motion and enter an Order (i) accepting the Joint Interpretive Guidance as a supplement to the Settlement Agreements for Water Systems and (ii) amending Section VII of the Preliminary Approval Orders as stated above.

Dated: November 8, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ *Michael A. London* | /s/ *Joseph G. Petrosinelli* |

Michael A London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue Of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

Joseph Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
P: (843) 216-9159
F: (843) 216-9290
jrice@motleyrice.com

*Co-lead Counsel for Plaintiffs*

Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

*Co-lead Counsel for Defendants*

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

*Co-Liaison Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 8th day of November 2024 and was thus served electronically upon counsel of record.

                                      /s/ Michael A. London  
                                      Michael A. London  
                                      Douglas and London PC  
                                      59 Maiden Lane, 6th Fl.  
                                      New York, NY 10038  
                                      212-566-7500  
                                      212-566-7501 (fax)  
                                      mlondon@douglasandlondon.com

## M<small>EMORANDUM</small>:

# T<small>HE</small> P<small>ARTIES'</small> J<small>OINT</small> I<small>NTERPRETIVE</small> G<small>UIDANCE ON</small> H<small>OW TO</small> <small>WITHDRAW AN OPT-OUT ELECTION AFTER IT WAS SUBMITTED SPECIFIC TO THE</small> [Tyco/BASF] S<small>ETTLEMENT</small>

This memorandum provides guidance on how to withdraw an opt-out election (also called a "Request for Exclusion") after it was submitted so that an Eligible Claimant who submitted an Opt-Out can instead participate in the settlement between Public Water Systems and [Tyco/BASF] (collectively, the "Parties").

This question and issue have been posed to the Claims Administrator, the Notice Administrator and Class Counsel. As such, the Parties will ask the Court to supplement the Settlement Agreement with this memorandum and move to amend the Settlement Agreement.

## CONSENT MOTION TO AMEND

The Parties seek to amend Paragraph 9.7 of the Settlement to include the following revised language, identified in red:

9.7   Any Request for Exclusion must be properly submitted to the Opt Out Administrator by the deadline imposed by the Court. In seeking Preliminary Approval of this Settlement Agreement, the Class Representatives will ask the Court to set that deadline ninety (90) calendar days after the date the Notice is mailed. Any Eligible Claimant that has elected to opt out may withdraw its Request for Exclusion submitted at any time on or before December 13, 2024 and thereby accept all terms of this Settlement Agreement, including its Dismissal provisions. The submission of a Request for Exclusion shall have the effect of waiving and forfeiting any and all objections that were or could have been asserted. The withdrawal of a Request for Exclusion does not permit a Person to assert new objections nor revive previously asserted objections.

**PROCESS**

To further ensure that any Eligible Claimant can exercise the option to withdraw its Request for Exclusion, the Parties agree that the following expedited process shall constitute a valid withdrawal of any Request for Exclusion.

At any time on or before December 13, 2024, an Eligible Claimant that used the Opt Out portal to submit their original Request for Exclusion – available at www.PFASWaterSettlementOptOut.com – may access the portal using the login they created, and elect to withdraw their Request for Exclusion electronically by clicking the "withdraw" button. An Eligible Claimant may also elect to withdraw its Request for Exclusion by submitting a **signed letter by email** from a representative legally authorized to act on behalf of the Eligible Claimant stating that:

(1)     They are a representative legally authorized to act on behalf of the Eligible Claimant regarding the Settlement; and

(2)     The Eligible Claimant formally withdraws its Request for Exclusion and elects to remain a Class Member.

The signed letter must be emailed to the following representatives:

**Opt Out Administrator**

PFASOptOutAdministrator@rubris.com

The Opt Out Administrator will upload and reflect the withdrawal in the Opt Out portal.

* * *

Any Eligible Claimant that has previously submitted a Request for Exclusion and fulfills the above criteria for withdrawal shall be considered a Class Member subject to the full terms and benefits of the Settlement.

8

\* \* \*

The Parties therefore ask that the above be included in the Settlement Agreement and that the time period allowed for any Eligible Claimant that previously elected to opt out to withdraw its Request for Exclusion be extended until December 13, 2024.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | Master Docket No.: 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., *Plaintiffs,* -vs- TYCO FIRE PRODUCTS LP, individually and as successor in interest to The Ansul Company, and CHEMGUARD, INC., *Defendants.* | Civil Action No.: 2:24-cv-02321-RMG |
| CITY OF CAMDEN, et al., *Plaintiffs,* -vs- BASF CORPORATION, individually and as successor in interest to Ciba Inc., *Defendant.* | Civil Action No.: 2:24-cv-03174-RMG |

**[PROPOSED] ORDER GRANTING JOINT MOTION TO AMEND THE PRELIMINARILY APPROVED TYCO AND BASF SETTLMENT AGREEMENTS AND THE PRELIMINARY APPROVAL ORDERS**

Before the Court is the Parties' joint motion to amend the preliminarily approved settlement agreements and the preliminary approval orders (Dkt. No.___). The Parties seek to both clarify the process by which an Eligible Claimant that has elected to opt out may withdraw its Request for Exclusion and extend the deadline to do so to at any time on or before December 13, 2024. The

10

Parties have submitted joint guidance to this effect (Dkt. No. -1). For good cause shown, the Court GRANTS the Parties' motion.

The Parties' joint guidance is hereby adopted, the Settlement Agreements are amended as stated therein, and Section VII of the Court's June 13, 2024 and July 3, 2024 Preliminary Approval Orders (ECF Nos. 5147, 5253) is amended as follows (amendment in italics):

**VIII. Stay and Injunction**

All litigation in any forum brought by or on behalf of a Releasing Person and that asserts a Released Claim, and all Claims and proceedings therein, are hereby stayed as to the Released Persons, except as to proceedings that may be necessary to implement the Settlement. All Releasing Persons are enjoined from filing or prosecuting any Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Persons, and any such filings are stayed; provided, however, that after *December 13, 2024*, the stay and injunction shall not apply to any Person who has filed (and not withdrawn) a timely and valid Request for Exclusion. This Paragraph also shall not apply to any lawsuits brought by a State or the federal government in any forum or jurisdiction. The stay and injunction provisions of this Paragraph will remain in effect until the earlier of (i) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, and (ii) the termination of the Settlement Agreement in accordance with its terms. This Order is entered pursuant to the Court's Rule 23(e) findings set forth above, in aid of its jurisdiction over the members of the proposed Settlement Class and the settlement approval process under Rule 23(e). All statutes of limitations, statutes of repose, or other limitations period imposed by any

jurisdiction in the United States are tolled to the extent permitted by law with respect to each Released Party for any Claim of a Releasing Party that is subject to the stay and injunction provisions of this Paragraph from (i) May 20, 2024 until (ii) thirty (30) calendar days after the stay and injunction provisions cease to apply to such Claim under the terms of this Paragraph, after which the running of all applicable statutes of limitations, statutes of repose, or other limitations periods shall recommence. Nothing in the foregoing sentence shall affect any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the Claims such as defenses based on statutes of limitation and statutes of repose.

**AND IT IS SO ORDERED.**

Charleston, South Carolina, this _____ day of _____, 2024.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE